**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRACY KING, CHANCE MICKIEL, JACKLIN MICKIEL, ROBERT MICKIEL, STEVEN MICKIEL, NICHOLAS MICKIEL, STACY M. MICKIEL | ) ) ) ) | ```FILED: DECEMBER 16, 2008```<br>```08CV7174```<br>```JUDGE ST.EVE```<br>```MAGISTRATE JUDGE NOLAN```<br>```RCC``` |
| Plaintiffs, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR |
| UNKNOWN AND UNNAMED | ) | VIOLATION OF CIVIL |
| CHICAGO POLICE OFFICERS, | ) | RIGHTS AND STATE |
| individually and THE CITY OF | ) | SUPPLEMENTAL CLAIM |
| CHICAGO, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, 1367.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.  At all times herein mentioned, Plaintiff TRACY KING (hereinafter "T. KING"), was and is now a citizen of the United States.

4.  At all times herein mentioned, Plaintiff CHANCE MICKIEL, (hereinafter "C. MICKIEL"), was and is now a citizen of the United States.

1

5. At all times herein mentioned, Plaintiff JACKLIN MICKIEL (hereinafter "J. MICKIEL"), was and is now a citizen of the United States.

6. At all times herein mentioned, Plaintiff ROBERT MICKIEL (hereinafter "R. MICKIEL"), was and is now a citizen of the United States.

7. At all times herein mentioned, Plaintiff STEVEN MICKIEL ("S. MICKIEL"), was and is now a citizen of the United States.

8. At all times herein mentioned, Plaintiff NICHOLAS MICKIEL ("N. MICKIEL"), was and is now a citizen of the United States.

9. At all times herein mentioned, Plaintiff STACY M. MICKIEL (hereinafter "S. M. MICKIEL"), was and is now a citizen of the United States, and a minor born on July 19, 1994, and her mother and legal guardian, TRACY KING is suing on her behalf.

10. At all times herein mentioned, an UNKNOWN NUMBER OF UNNAMED CHICAGO POLICE OFFICERS ("Unknown Defendants" or "Individual Defendants") were employed by the City of Chicago Police Department and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These officers are being sued in their individual/personal capacity. Plaintiffs will seek leave to amend their complaint upon learning the identity of these defendants for the purpose of alleging their names.

11. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**FACTUAL ALLEGATIONS**

2

12.  On or about September 24, 2008, at approximately 9:40pm, Unknown Defendant police officers illegally broke into and raided the house at 6501 S. Vernon in Chicago, Illinois 60637.

13. On that date, the premises at 6501 S. Vernon in Chicago, IL 60637 was owned by Plaintiff T. King, who lived there with Plaintiffs C. Mickiel, J. Mickiel, R. Mickiel, N. Mickiel, S. Mickiel, and S. M. Mickiel and other individuals.

14. Unknown Defendant police officers did not present a search warrant for the house at 6501 S. Vernon, Chicago, IL 60637.

15. Unknown Defendant police officers did not knock on the doors, nor did they allow a reasonable amount of time for the occupants to respond, before breaking in, entering, or attempting to enter the house at 6501 S. Vernon, Chicago, IL 60637.

16. Despite the fact that Plaintiffs made no attempt to leave and did nothing to resist or interfere with the actions of the police, Unknown Defendant police officers pulled their guns and pointed them at plaintiffs' heads, including T. King, who had a heart condition at the time and T. King's son, who was only six-years old, and J. Mickiel's son, who was only four-months old.  T. King's six-year old son began to vomit as a result of Defendants' actions.  All Plaintiffs were seized, and Plaintiffs C. Mickiel, R. Mickiel, S. Mickiel, N. Mickiel, J. Mickiel, and S. M. Mickiel were handcuffed.

17. Unknown Defendants searched and tore up the house, leaving the house in total disarray, all without legal cause or justification.

18. Plaintiffs were detained and held under arrest during the wrongful search.

19. There was no legal cause to seize and arrest Plaintiffs.

20. Plaintiffs C. Mickiel, R. Mickiel, S. Mickiel, N. Mickiel, and S. M. Mickiel, who was only fourteen years old at the time, were subjected to unnecessary and unreasonable force.

21. Plaintiffs C. Mickiel, R. Mickiel, S. Mickiel, N. Mickiel, and S. M. Mickiel in no way consented to this conduct.

22. Plaintiffs C. Mickiel, R. Mickiel, S. Mickiel and N. Mickiel were driven to the police station where they were imprisoned. No criminal charges were filed against these Plaintiffs.

23. Plaintiffs T. King, J. Mickiel, and S. M. Mickiel were transported outside their residence along with T. King's six-year old son and J. Mickiel's four-month old son during the Defendants' raid into the residence. During that time these Plaintiffs were not free to leave.

24. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, medical expenses, suffered great physical, mental, and emotional pain and suffering all to him damage in an amount to be ascertained.

25. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C Section 1988, the Equal Access to Justice Act or any other provision set by law.

4

## COUNT I

### All Plaintiffs Against All Individual Defendants for Illegal Search Without Warrant and Without Probable Cause

27. Plaintiffs incorporate and re-allege paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

28. Plaintiffs did not consent to the search of their residence at 6501 S. Vernon in Chicago, Illinois 60637, nor did anyone else with authority to do so.

29. The Individual Defendants had no search warrant, no probable cause, no legal cause, and no legal authority to enter and search the home of Plaintiffs.

30. By the conduct of the Individual Defendants, Plaintiff were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the United States Constitution and laws enacted thereunder. Therefore, Individual Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II

### All Plaintiffs Against Individual Defendants for Unreasonable Search

31. Plaintiffs incorporate and re-allege paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

32. By reason of defendants' conduct, plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by defendants, into the security and privacy of plaintiffs' residence was in violation of plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the plaintiffs' rights in the following manner: (1) the forcible entry and search of the residence of the plaintiffs without a search warrant describing plaintiffs' residence

as the premises to be searched was unnecessary, without legal cause, unreasonable and excessive; and (2) causing excessive and unnecessary property damage to the residence of plaintiffs. These acts were in violation of the plaintiffs' Fourth Amendment rights. Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III

### All Plaintiffs Against All Individual Defendants for Illegal Entry

34. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

35. The Individual Defendants did not knock on the doors, nor did they allow a reasonable amount of time for the occupants to respond, before entering or attempting to enter 6501 S. Vernon in Chicago, Illinois.

36. By the conduct of the Individual Defendants, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the United States Constitution and laws enacted thereunder. Therefore, Individual Defendants and each of them, is liable to all Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT VI

### T. KING, J. MICKIEL, and S.M. MICKIEL Against All Individual Defendants for False Arrest

37. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

38. The detention and arrest of T. King, J. Mickiel, and S.M. Mickiel at 6501 S. Vernon ,

Chicago, IL 60637 caused by the Individual Defendants was without probable cause and was unreasonable.

39. By reason of the conduct of the Individual Defendants, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.  Therefore, Individual Defendants are liable for arrest under 42 U.S.C. § 1983.

## COUNT V

**Plaintiffs C. MICKIEL, R. MICKIEL, S. MICKIEL, and N. MICKIEL Against All Individual Defendants for False Arrest**

40. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

41. The arrest and incarceration of Plaintiffs C. Mickiel, R. Mickiel, S. Mickiel, and N. Mickiel was without probable cause and unreasonable.

42.  By reason of the conduct of the Individual Defendants, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.  Therefore, the Individual Defendants are liable for arrest under 42 U.S.C. § 1983.

## COUNT VI

**Plaintiffs C. MICKIEL, R. MICKIEL, S. MICKIEL, N. MICKIEL, and S.M. MICKIEL Against Individual Defendants for Excessive Force**

43. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

7

28. The force used by the Individual Defendants was excessive, unnecessary, unreasonable, and without legal cause.

29. By reason of the Individual Defendants' conduct, Plaintiffs was deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder. Therefore the Individual Defendants are liable to Plaintiffs C. Mickiel, R. Mickiel, S. Mickiel, N. Mickiel, and S.M. Mickiel pursuant to 42 U.S.C. § 1983.

## COUNT VII

### Plaintiffs Against All Defendants For The State Supplemental Claims of Assault, Battery and Intentional Infliction of Emotional Distress

30. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

31. The Unknown Defendants caused Plaintiffs to be assaulted, battered and subjected to the intentional infliction of emotional distress as alleged above.

32. The City of Chicago is liable as a result of *respondeat superior.*

33. Therefore, all the Unknown Defendants and the City of Chicago are liable under the state supplemental claims as stated above.


WHEREFORE, Plaintiffs Tracy King, Chance Mickiel, Jacklin Mickiel, Robert Mickiel, Steven Mickiel, Nicholas Mickiel, and Stacy Mickiel, by and through their attorneys, Ed Fox & Associates, requests judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiffs general damages, including emotional distress, in a sum to be ascertained;

2.   That Defendants be required to pay Plaintiffs special damages;

3.   That Defendants, except the City of Chicago, be required to pay Plaintiffs '

attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access

to Justice Act or any other applicable provision;

4.   That Defendants, except the City of Chicago, be required to pay Plaintiffs

punitive and exemplary damages in a sum to be ascertained;

5.   That Defendants be required to be pay Plaintiffs costs of the suit herein incurred; and

6.   That Plaintiffs has such other and further relief as this Court may deem just and

proper.

Respectfully Submitted,


DATED:  December 16, 2008


s/Rayne Galbraith_____
Rayne Galbraith

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 W. Adams
Suite 330
Chicago, IL 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    s/Rayne Galbraith____
Rayne Galbraith